# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KIM M. TAYLOR, : | |
| Plaintiff, : | |
| v. : | CIVIL ACTION |
| : | NO. 17-1059 |
| NANCY A. BERRYHILL, Acting : | |
| Commissioner of Social Security, : | |
| Defendant. : | |

## ORDER

**AND NOW**, this 6th day of June 2019, upon careful and independent consideration of Plaintiff's Request for Review, the response and reply thereto, the administrative record, and the Report and Recommendation ("R&R") of United States Magistrate Judge Richard A. Lloret, to which no objections have been filed, it is hereby **ORDERED** that:

1. The Clerk is directed to **REMOVE** the case from Civil Suspense;
2. The Report and Recommendation is **APPROVED AND ADOPTED**;[1]
3. Plaintiff's Request for Review is **GRANTED**, and this matter is **REMANDED** to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g); and
4. The Clerk of Court shall mark this case **CLOSED**.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**

---

[1] As no objections to the R&R were filed, the Court is not required to conduct a *de novo* review and has the discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations" of the Magistrate Judge. 28 U.S.C. § 636(b)(1). Nevertheless, the Court has carefully considered the administrative record and the R&R and agrees with the R&R that the opinion of the Administrative Law Judge ("ALJ") at step two was not supported by substantial evidence, and that this error was not harmless.

As the R&R properly determined, Ms. Taylor presented overwhelming evidence that her mental health conditions constitute more than a "slight abnormality." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) ("[At step two], an applicant need only demonstrate something beyond a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work.") (internal quotations and citation omitted). Ms. Taylor's treatment notes consistently describe her as tearful and anxious, and indicate that she has suicidal ideations and thoughts of self-harm. She has been diagnosed with severe depression and PTSD due to prior abuse from her childhood. She has also been hospitalized for her "persistent and severe depression." *See* R&R at 14 (citing R. 1757). "Presented with the extensive records of Ms. Taylor's struggles with depression and PTSD, the ALJ nevertheless concluded that Ms. Taylor had not established that her mental health conditions were more than 'a slight abnormality.'" R&R at 16 (citing R.85-86). In so concluding, the ALJ gave only a cursory analysis of Ms. Taylor's medical records relating to her mental health, failed to address her PTSD diagnosis or history of abuse, and cherry-picked several normal objective findings. The ALJ's failure to adequately consider Ms. Taylor's mental health conditions also impacted her conclusions at step three and step four, and was thus not harmless. Therefore, the final decision of the Acting Commissioner of Social Security will be reversed, and this case will be remanded for further proceedings.